891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur FRANKLIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-3642.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Arthur Franklin appeals, pro se, the district court's dismissal of his motion to set aside a judgment of the civil forfeiture to the government of his 1982 Lincoln Continental automobile.
 
 
 2
 On December 8, 1987, Franklin pleaded guilty to one count of conspiracy to distribute cocaine and a second count of possession of cocaine. He was sentenced to confinement for ten years.
 
 
 3
 As part of his plea agreement, Franklin agreed to relinquish to the government, under civil forfeiture proceedings brought pursuant to the Controlled Substances Act, 21 U.S.C. § 881, his interest in a parcel of real estate, a large sum of money, some jewelry, a Rolls Royce automobile and a Mercedes Benz automobile. The agreement also put Franklin on notice that the government intended to seek civil forfeiture of a second parcel of real estate and of Franklin's 1982 Lincoln Continental.
 
 
 4
 On October 22, 1987, a United States magistrate issued a seizure warrant for the 1982 Lincoln Continental, and on February 29, 1988 the Federal Bureau of Investigation sent notice letters to Franklin at his last known address advising him of the pending forfeiture of the Lincoln Continental. In addition, notice of the pending forfeiture was published in the Cleveland Plain Dealer newspaper on March 6, 13, and 20, 1988. The letters and the advertisements described the procedures for contesting the forfeiture, which included, inter alia, the necessity to post a bond and to file a petition for remission pursuant to 19 U.S.C. § 1608, on or before April 4, 1988. Franklin sent a letter to the F.B.I. on March 30, 1988, which was not received by the Bureau until April 19, 1988, stating that he wished to contest the forfeiture and asking that the bond requirement be waived due to his indigency. In the meantime, on April 4, 1988, the F.B.I. notified Franklin by letter that since no petition for remission had been filed or bond posted by April 4, 1988, procedures to administratively forfeit the Lincoln Continental would be initiated.
 
 
 5
 On June 14, 1988, Franklin filed a motion in the United States district court to vacate and set aside the "judgment" of forfeiture of his properties. In his motion, Franklin stated that he had not received the February 29, 1988 letter from the F.B.I. notifying him of the procedures to be followed to contest the seizure of the Lincoln Continental. Because Franklin filed his pro se motion in the criminal case in which he was prosecuted and convicted for the narcotics violations, the clerk of the court filed the motion under the criminal case docket number and the matter was presented to the district judge as a habeas corpus petition, pursuant to 28 U.S.C. § 2255, to vacate the sentence imposed for the narcotics conviction.
 
 
 6
 The district court summarily dismissed Franklin's motion, stating that while it was clear from Franklin's papers filed pro se that he desired to contest the seizure of his 1982 Lincoln Continental automobile and not to seek habeas corpus relief under 28 U.S.C. § 2255, nevertheless the court would not afford relief because
 
 
 7
 [t]he court concludes that the proper method for the petitioner to protest the forfeiture of his automobile is to correspond with the F.B.I. according to the directions contained in the February 29, 1988 letter, even though the deadlines may technically have passed.
 
 
 8
 Thereupon, the court dismissed Franklin's motion to proceed in pauperis and to vacate and set aside the judgment of forfeiture. It is from that dismissal that Franklin now appeals.
 
 II.
 
 9
 The thrust of Franklin's claim before us is that he should not suffer the consequences of failing to comply with the requirements of 19 U.S.C. § 1608 for contesting the civil forfeiture of his Lincoln Continental automobile, all as outlined in the letter to him from the F.B.I. dated February 29, 1988 and published three times in the month of March in the Cleveland Plain Dealer, because he did not receive the F.B.I.'s letter until June 9, 1988.
 
 
 10
 There is no question that the government fully complied with the forfeiture provisions set forth in 21 U.S.C. § 881 and 19 U.S.C. §§ 1602-1619. The requisite letter notification was sent to Franklin at his last known address, to his mother's residence, and to Franklin in care of the United States Marshal Service. In addition, the requisite notice was published in the Cleveland Plain Dealer on three occasions in early March. Franklin's insistence that he did not receive any of the notification letters until well after the April 4, 1988 deadline for contesting the forfeiture proceedings does not vitiate the validity of the forfeiture. Moreover, insofar as we are aware, Franklin has not, to this date, followed the provisions of 19 U.S.C. § 1608 which requires the filing of a claim and posting of a bond to contest the forfeiture of his property; procedures of which he was advised in the F.B.I.'s letter he acknowledges receiving on April 19, 1988.
 
 
 11
 The district court did not err in dismissing Franklin's petition for noncompliance with 19 U.S.C. § 1608.
 
 
 12
 For the foregoing reasons, the district court's judgment of dismissal is AFFIRMED.
 
 
 
 *
 The Honorable Ronald E. Meredith, United States District Judge for the Western District of Kentucky, sitting by designation